IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02253-CYC

UNITED STATES OF AMERICA,

Plaintiff,

v.

$5,708.00 IN UNITED STATES CURRENCY,

Defendant,

TRENTON A. THOMPSON,

Claimant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on defendant Trenton A. Thompson's Request for Representation, ECF No. 17. Oral argument will not materially assist in the resolution of this matter. *See* D.C.COLO.LCivR 7.1(h). To be sure, counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, the plaintiff's situation does not warrant appointed representation and, as such, for the reasons that follow, the Motion is **DENIED without prejudice**.

**BACKGROUND**

The United States initiated this civil forfeiture action in May 2026 by filing a Verified Complaint for Forfeiture In Rem, seeking forfeiture of $5,708.00 that was seized during the execution of a search warrant on August 14, 2025. ECF No. 1 ¶¶ 19, 21. Finding probable cause, the Court issued an Order for Warrant for Arrest of Property *In Rem*, and the Clerk issued the

Warrant. ECF Nos. 5, 6. Claimant Trenton A. Thompson filed an answer and claim to the currency on August 28, 2026. ECF No. 13. The claimant asserts that he lacks sufficient information to respond but that he owns the currency at issue, and he requests representation because he is indigent. ECF No. 13 at 1; ECF No 13-1 at 1. The United States moved to strike the claimant's claim as legally insufficient. *See* ECF No. 17. The claimant again requested representation. ECF No. 18. The claimant and the United States consented to the jurisdiction of the undersigned. ECF Nos. 11, 14.

**ANALYSIS**

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). "[T]he Supreme Court has so far been unwilling to deem forfeiture proceedings 'criminal' for the purpose of counsel." *United States v. Deninno*, 103 F.3d 82, 86 (10th Cir. 1996) (quoting *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.1995)). The Sixth Amendment right to counsel only attaches where there is risk of "actual imprisonment." *See id.* This forfeiture case is brought under 21 U.S.C. § 881, which does not authorize imprisonment. Thus, there is no Sixth Amendment right to counsel here. *See id.*

That said, "Congress has 'creat[ed] a statutory right to counsel in certain types of civil forfeiture proceedings' through the Civil Asset Forfeiture Reform Act of 2000 ('CAFRA'), codified in part at 18 U.S.C. § 983." *United States v. Stewart*, No. 21-CR-034-WJM, 2025 WL 843714, at *2 (D. Colo. Mar. 18, 2025) (quoting *United States v. 777 Greene Avenue*, 609 F.3d 94, 97–98 (2d Cir. 2010)). That right arises when "the property subject to forfeiture is real property that is being used by the person as a primary residence." 18 U.S.C. § 983(b)(2)(A).

Outside of that context, Congress provided for the possibility of appointed representation in a narrow circumstance within civil forfeiture proceedings:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.

18 U.S.C. § 983(b)(1)(A).

Claimant Thompson was appointed counsel under section 3006A in the criminal case against him in which the currency at issue was seized. ECF No. 1 ¶ 20; *see USA v. Arce-Lopez*, No. 25-cr-00240-PAB-15 (D. Colo. Oct. 24, 2025), ECF No. 142. While he has already pled guilty in that matter, he does appear to remain represented. And he asserts that he is indigent. ECF No. 18 at 1. However, it is not appropriate to authorize counsel to represent him in this forfeiture matter.

"The Court holds the sound discretion to appoint counsel in civil cases." *United States v. $25,411.84 in United States Currency*, No. 24-1224-KHV-GEB, 2025 WL 2506879, at *2 (D. Kan. Sept. 2, 2025) (citing *Snyder v. Whetsel*, 152 Fed. Appx. 730, 732 (10th Cir. 2005)). "In determining whether to authorize counsel to represent a person under subparagraph (A), the court shall take into account such factors as—(i) the person's standing to contest the forfeiture; and (ii) whether the claim appears to be made in good faith." 18 U.S.C. § 983(b)(2)(A).

While no evidence of bad faith appears, the claimant lacks standing for the Court to authorize representation. "Once the procedural requirements of Rule C(6) are met, a claimant has standing to defend the forfeiture." *United States v. $50,200 in U.S. Currency*, 76 F. Supp. 2d 1247, 1250 (D. Wyo. 1999) (citing Fed. R. Civ. P. C(6)). Rule C(6) governs *in rem* proceedings and provides that "the statement of right or interest must describe the interest in the property that

supports the person's demand for its restitution or right to defend the action." The claimant only makes the conclusory assertion that he is the owner. ECF No. 13 at 1. A claim that merely asserts "rightful ownership" is insufficient to show an ownership interest that would confer standing. *See United States v. Beech Aircraft A36, FAA Registration No. N5509Y, Serial No. E-2527*, No. 10-cv-01073-MSK-MEH, 2011 WL 4433949, at *2 (D. Colo. Sept. 22, 2011). Accordingly, the Court will not authorize representation.

The claimant also asks for instructions on how to complete requests of the government, ECF No. 17 at 1, but the Court cannot give legal advice.

## CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Appointment of Counsel, ECF No. 17, is **DENIED without prejudice**.

Entered and dated this 18th day of November 2026, at Denver, Colorado.

BY THE COURT:



Cyrus Y. Chung
United States Magistrate Judge